**UNITED STATES of America,**
**Appellee,**

**Theodore J. LINN, Appellant.**

**No. 675–70.**

United States Court of Appeals,
Tenth Circuit.

May 3, 1971.

Rehearing Denied March 10, 1972.

John E. Ackerman, Casper, Wyo., for appellant.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., with him on the brief), for appellee.

Before SETH and McWILLIAMS, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

This is a direct appeal from conviction and sentence following trial to a jury in the United States District Court for the District of Wyoming. Appellant was convicted of violating Title 18 U.S.C. § 487, the unlawful possession of certain coin molds representing United States coins. Allegedly, the coin molds in question, which were introduced in evidence at the trial, were found as the result of an illegal search.

It appears from the record and briefs that on January 19, 1968, Wyoming State Patrolman Harry Lankford filed an affidavit for an arrest and search warrant. This warrant was issued in connection with a felony committed in Nevada. The affidavit of Officer Lankford does not include any reference to the source of the officer's belief that the items sought, certain guns and contraband, were on the premises to be searched. A search of Linn's residence was conducted pursuant to the State warrant. Subsequently the same premises were search by federal agents. The warrant authorizing the federal search was issued after federal officers filed an affidavit stating that as a result of talking to Officer Lankford, they had reason to believe that certain coin molds would be found at the residence of Linn. The molds were found and seized on January 21, 1968. Appellant contends that the seizure of the molds by federal agents resulted from the State search and that since the affidavit supporting the State search warrant did not indicate probable cause, the fruits of the federal search were tainted and inadmissible in evidence.

The difficulty with appellant's argument is that the record does not contain enough information in its support. We have, in appellant's brief, the affidavit of Officer Lankford. There is testimony in the record that the federal agents were advised of the existence of the coin molds by Officer Lankford. We have not been provided with a copy of the hearing in the trial court on the motion to suppress this evidence. The federal agent's affidavit is not in the record, nor is the federal search warrant. There is, in short, nothing in the record to clearly indicate the source of the federal agents' information. Under these circumstances, we are unable to say that this evidence was obtained illegally. The record does not indicate how it was obtained.

Appellant also urges that the evidence was not sufficient to support the verdict. We have reviewed the record and conclude that the evidence was sufficient.

Affirmed.

## ON MOTION FOR REHEARING

This matter comes on for disposition of outstanding and unresolved motions filed with the Court in the captioned case. The Court has previously granted a motion for rehearing on briefs and supplementation of the record followed by the filing of supplemental briefs.

On consideration of the motion of appellant for rehearing together with the supplemental record, we find no reason to change the opinion heretofore entered

herein and it is made effective on this date.

Any motions not heretofore granted are denied.